UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES A. MOORE, ) | |
|     *Plaintiff*, ) | |
| ) | |
|     *v.* ) | 1:14-cv-01590-JMS-MJD |
| ) | |
| CAROLYN W. COLVIN, *Acting Commissioner* ) | |
| *of Social Security Administration*, ) | |
|     *Defendant.* ) | |

**ENTRY DENYING PETITION FOR EAJA ATTORNEY FEES**

Plaintiff moves for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Court remanded this case to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g), sentence four. The Commissioner opposes Plaintiff's petition for EAJA fees.

The Court held a hearing on the motion in which both parties appeared by counsel. At the hearing, the Court also questioned Plaintiff's counsel regarding false statements he made in a sworn affidavit submitted to the Court. For the reasons explained below, Plaintiff's petition for fees is **denied**. [Filing No. 31.] Further, Plaintiff's counsel is **sanctioned** as set forth at the conclusion of this Entry.

**I.
LEGAL STANDARDS**

The EAJA provides in relevant part that the "court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To be awarded fees and other expenses, the prevailing party must submit to the

Court a fee petition "which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including *an itemized statement* from any attorney or expert witness representing or appearing in behalf of the party stating *the actual time expended* and the rate at which fees and other expenses were computed. The party shall also allege that the position of the [Commissioner] was not substantially justified." *Id.* § 2412(d)(1)(B) (emphases added.)

## II.
### DISCUSSION

Plaintiff moved for an award of attorney fees, arguing that he is the prevailing party and that the Commissioner's position was not substantially justified. [Filing No. 31 at 1-5.] The Commissioner responded that the Court should deny Plaintiff fees because his itemized statement submitted with his fee petition estimates the time expended on the case rather than setting forth the "actual time expended" as required by the EAJA. [*See* Filing No. 36.] In support of her position, the Commissioner provides a chart detailing a number of Plaintiff's counsel's other EAJA petitions from cases in this District and NEFs of his filings, and argues that they reveal that Plaintiff's counsel is submitting inconsistent time records in several of those cases that could not all represent the "actual time expended." [Filing No. 36 at 11-12.]

Plaintiff did not file a reply brief, but instead moved to amend the affidavit he submitted with his motion so that it set forth "the actual attorney time expended." [Filing No. 37 at 1.] The Court granted the Plaintiff's motion. The amended affidavit added specific times of day the given tasks in the initial affidavit were completed—*e.g.*, "2:00 to 2:15 p.m." [*See* Filing No. 37-1.] The Commissioner responded to the amended affidavit by, among other things, pointing out that many of the times added to the amended affidavit are clearly false. [*See* Filing No. 41.] Because of the

seriousness of this assertion, the Court held a hearing on the pending motion and Plaintiff's counsel's affidavit. Both parties appeared by counsel at the hearing.

The Court will address first whether Plaintiff is entitled to EAJA fees. Next, the Court will address Plaintiff's counsel's filing of a sworn affidavit containing false statements and the consequences of doing so.

### A. EAJA Fees

Every District Judge and at least two Magistrate Judges in this District have already rejected Plaintiff's position that his admitted practice of submitting reasonable estimates of the time spent on a case complies with the EAJA's requirement that he provide the Court the "actual time expended" on the case. *See, e.g.*, *Philbeck v. Colvin*, 2015 WL 3689323 (S.D. Ind. 2015); *Williams v. Astrue*, 2011 WL 2532905 (S.D. Ind. 2011); *see also Spiegel v. Colvin*, No. 1:14-cv-00934-LJM-MJD (S.D. Ind. 2015), Dkt. 29 at 6 ("[A]ll of Judges who have addressed the issue agree . . . that a reasonable approximation of fees is not enough to evidence the 'actual time expended' as required by the EAJA."). The undersigned denied Plaintiff's counsel EAJA fees on this very basis less than three months ago, and thus there is no need to rehash at length Plaintiff's counsel's lengthy history of failing to comply with this clear requirement of the EAJA. *See Taylor v. Colvin*, No. 1:14-cv-00469-JMS-MJD (S.D. Ind. 2015), Dkt. 36 (detailing Plaintiff's counsel's repeated failures to follow the Court's instructions regarding EAJA motions).

As detailed in the undersigned's order denying Plaintiff's counsel EAJA fees in *Taylor*, he has been warned several times by multiple judges in this Court since 2011 that he must change his practice of estimating the time he spends on a case instead of, as required by the EAJA, setting forth the "actual time expended." *See Taylor*, No. 1:14-cv-00469-JMS-MJD, Dkt. 36 at 2-6; *see also Philbeck*, 2015 WL 3689323, at *2 ("Time and again, this Court and the other courts in this

District have directed [Plaintiff's counsel] to discontinue his practice of estimating his time based on an average amount of time to complete tasks and to begin keeping contemporaneous time records in order to comply with the requirement of the EAJA to provide itemized records of actual time expended in cases.").

In this case, Plaintiff's counsel admitted at the hearing that the time expended on the various tasks set forth in his affidavit are estimated representations of how long it takes him to perform that task generally, rather than a measurement of the actual time he spent on a given task in this case. Although Plaintiff's counsel amended his affidavit to show the specific times of day he completed the tasks, as discussed in detail below, those representations are false. Accordingly, because Plaintiff's counsel again has not provided the actual time spent as required by the EAJA, the motion for attorney's fees is **denied**.

**B.  Plaintiff's Counsel Submitted a False Affidavit to the Court**

Plaintiff's counsel submitted a sworn affidavit to the Court with his motion for EAJA attorney's fees setting forth the date, activity, and time spent performing the stated activity. The following is a sample from that affidavit:

| | | |
|---|---|---|
| 1-5 | review Order granting plaintiff's motion | .125 |
| 1-15 | teleconf with defendant's attorney, prepare and file motion for enlargement of time to file initial brief | .25 |
| 1-16 | review Order granting plaintiff's motion | .125 |
| 1-27 | teleconf with defendant's attorney, prepare and file motion for enlargement of time to file initial brief | .25 |
| 1-28 | review Order granting plaintiff's motion | .125 |
| 2-10 | legal research, write-file-serve plaintiff's brief | 8.0 |

[Filing No. 31-3 at 2.]

In response to the Commissioner's brief opposing an award of EAJA fees on the ground that Plaintiff's counsel did not detail the actual time expended on the particular tasks, Plaintiff's counsel submitted an amended affidavit with specific times of day that he completed the above tasks. The following is a sample of the corresponding portion of the amended affidavit:

| | | |
|---|---|---|
| 1-5 | review Order granting plaintiff's motion<br>3:00 to 3:08 p.m. | .125 |
| 1-15 | teleconf with defendant's attorney, prepare and file motion for enlargement of time to file initial brief<br>4:00 to 4:15 p.m. | .25 |
| 1-16 | review Order granting plaintiff's motion<br>1:00 to 1:10 p.m. | .125 |
| 1-27 | teleconf with defendant's attorney, prepare and file motion for enlargement of time to file initial brief<br>2:00 to 2:15 p.m. | .25 |
| 1-28 | review Order granting plaintiff's motion<br>3:00 to 3:10 p.m. | .125 |
| 2-10 | legal research, write-file-serve plaintiff's brief<br>12:00 to 8:00 p.m. | 8.0 |

[Filing No. 37-1 at 2.]

As these examples demonstrate, Plaintiff's counsel's amended affidavit simply added specific times of day that he performed the given work. If accurate, the amendment may well have been sufficient to overcome the Commissioner's objection. But the affidavit was not accurate. The times given by Plaintiff's counsel—in an affidavit sworn under the penalty of perjury—are false. Examples of this abound. The Orders that Plaintiff's counsel purportedly reviewed on January 5, 2015, and January 16, 2015 could not have been reviewed at the times stated. This is because those orders were not entered by the Court until *after* the time Plaintiff's counsel purport-

edly reviewed them (the January 5, 2015 Order that was allegedly reviewed at 3:00 p.m. was entered by the Court at 4:49 p.m., and the January 16, 2015 Order that was allegedly reviewed at 1:00 p.m. was entered by the Court at 2:43 p.m.). Similarly, Plaintiff's counsel represents that on February 10, 2015, he worked for eight hours, from 12:00 to 8:00 p.m., on Plaintiff's brief. This too is impossible, as Plaintiff's brief was filed at 6:40 p.m. that day.

Plaintiff's counsel did not need to submit the specific times of day he performed the work in this case in order to state the "actual time expended" on this case; he needed only to stop providing estimates, as the judges of this Court have continually told him. But since he did, the Court expects the times stated to be true, just as the Court expects every representation by an attorney to be. *See* Indiana Rule of Professional Conduct 3.3(a)(1) ("A lawyer shall not knowingly . . . make a false statement of fact . . to a tribunal . . . ."); *see also* Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge . . . the factual contentions have evidentiary support . . . ."). When questioned at the hearing about the veracity of the times in his amended affidavit, Plaintiff's counsel admitted that he did not know whether those times were accurate, and that he estimated those times in an effort to show the "actual time expended."

Compounding the problem for Plaintiff's counsel is that, despite being confronted by the Court regarding his false statements in a sworn affidavit, he expressed no contrition. He instead employed the strategy that the best defense is a good offense. Plaintiff's counsel accused the government of crafting new ways to deny him fees and his clients benefits over the decades he has been practicing law. This strategy is both disappointing and unavailing. The Court rightly expects truthful statements in affidavits submitted by attorneys—this should go without saying. It should equally go without saying that when an attorney is confronted by the Court regarding indisputably

false statements in a sworn affidavit, the only appropriate reaction—at a minimum—is to acknowledge the wrongfulness of such conduct and the seriousness of the situation. Plaintiff's counsel did neither.

Unfortunately, there is more. The timing of Plaintiff's counsel's false statements to the Court is egregious. A mere seven days before Plaintiff's counsel submitted the false amended affidavit, the Court denied his motion for EAJA fees in *Taylor*, and in doing so warned Plaintiff's counsel about false statements to the Court in affidavits:

> The most troubling aspect of [Plaintiff's counsel's] practice is that, in this case and several others, Plaintiff's counsel has signed a sworn affidavit stating that he expended hours on various tasks on various days when he did not actually spend that amount of time on those tasks. This could easily be construed as a false statement to the Court.
>
> The Court does not wish to diminish the success Plaintiff's counsel achieved for his clients in this case and others, but when it comes to EAJA fees, Plaintiff's counsel "has no one to blame but himself for ignoring the guidance . . . provided by the Court." *Teer*, 1:11-cv-1339-MJD-TWP, Dkt. 42 at 2. His choice to ignore this Court's guidance, however, cannot continue when it amounts to questionable statements in sworn affidavits. Plaintiff's counsel is advised that sanctions are available for submitting untruthful affidavits to the Court, *see* Fed. R. Civ. P. 11, and that sanctions will be considered if he continues his current course. Simply put, Plaintiff's counsel should not submit untruthful affidavits to the Court and, when seeking EAJA fees, must submit the "actual time expended" on the case—as this phrase has been interpreted in this opinion and numerous others by Judges in this District—if he wishes to receive fees and costs.

*Taylor*, No. 1:14-cv-00469-JMS-MJD, Dkt. 36 at 5-6. Exactly one week later, not only did Plaintiff's counsel file a sworn affidavit containing similar false statements as in *Taylor*—*i.e.*, that he expended hours on various tasks on various days when he did not actually spend that amount of time on those tasks—his amended affidavit contain indisputably false time entries.

To so blatantly flaunt the Court's warning that his conduct was sanctionable only one week later demonstrates a dismissiveness toward an attorney's duty to be truthful to the Court that the Court rarely, if ever, sees. It is confounding why Plaintiff's counsel would chart this course given

how easy it would be for Plaintiff's counsel to simply report the actual time expended. As the Court explained to him in *Taylor*, "the Court is not requiring investment in billing software. Counsel could tear a piece of paper from a legal pad and handwrite the actual time spent as the work is done on each case. His obstinate refusal to do so is perplexing." *Taylor*, No. 1:14-cv-00469-JMS-MJD, Dkt. 36 at 6. Instead of doing so in this case, Plaintiff's counsel inexplicably decided to exacerbate the situation: he provided the Court false times in an effort to make it appear as if he documented the "actual time expended" on various tasks in this case.

Given the foregoing, the Court concludes that Plaintiff's counsel's false statements to the Court in an affidavit sworn under the penalty of perjury warrant serious action. *See [United States v. Johnson](), 745 F.3d 227, 232 (7th Cir. 2014)* (issuing public rebuke and sanctioning counsel $2,000 for failing to comply with Circuit Rule 30 and filing a false certification with brief, and stating "[counsel] may not have set out to develop a reputation as a lawyer whose word cannot be trusted, but he has acquired it"). The Court therefore **ORDERS** Plaintiff's counsel, Mr. Patrick Mulvany, to submit a copy of this Order to the Indiana Disciplinary Commission and the appropriate entity with jurisdiction over attorney discipline of all other state bars where he is admitted to practice within **seven days** of this Order. Mr. Mulvany must simultaneously file a Report with this Court confirming he has done so, with copies of his submittals to the appropriate authorities attached.

## III.
### CONCLUSION

For the reasons explained above, Plaintiff's petition for attorney's fees is **denied**.[1] [Filing No. 31.] Plaintiff's counsel must submit a copy of this Order to the Indiana Disciplinary Commission and the appropriate entity with jurisdiction over attorney discipline of all other state bars where he is admitted to practice within **seven days** of this Order. Further, he must simultaneously file a Report with this Court confirming he has done so, with copies of his submittals to the appropriate authorities attached.

Date: December 8, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

---

[1] Out of a concern that Plaintiff's counsel's repeated failure to obtain EAJA fees may have resulted in his clients losing a portion of their past-due benefits to pay attorney's fees that they would not otherwise have had to pay if Plaintiff's counsel properly supported his EAJA fees motion, the Court asked the Commissioner to explain the interaction between the attorney's fees provisions in the EAJA and Sections 206(a) and (b) of the Social Security Act, 42 U.S.C. §§ 406(a), (b). The Court is grateful to the Commissioner for the explanatory briefing. [Filing No. 44.] Based on the briefing and information before the Court in this case, the Court's concerns are alleviated as it does not appear that claimants pay more of their past due benefits to counsel when EAJA fees are not awarded.